**Electronically Filed
Supreme Court
SCAD-14-0000353
22-FEB-2021
01:39 PM
Dkt. 103 ORD**

SCAD-14-0000353

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEPHEN CARL WOODRUFF, Respondent.

---

ORIGINAL PROCEEDING
(ODC 13-003-9073)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Leonard,
assigned by reason of vacancy)

Upon consideration of the December 7, 2020 motion,
filed by Respondent Stephen Woodruff, seeking reconsideration of
this court's November 27, 2020 order, denying his November 12,
2020 motion to vacate his disbarment, the February 15, 2021
submission by the Office of Disciplinary Counsel, filed in
response to this court's December 15, 2020 order, the October 13,
2017 report, authored by an Appellate Commissioner from the
United States Court of Appeals for the Ninth Circuit regarding
the disciplinary proceedings in the Commonwealth of the Northern
Mariana Islands (CNMI) which resulted in Respondent Woodruff's
disbarment in that jurisdiction, and which, in turn, formed the
basis for Respondent Woodruff's reciprocal disbarment in this

jurisdiction, and upon a review of the entire record in this matter, this court finds that the Appellate Commissioner's report, issued after this court's October 11, 2016 disbarment order, constitutes newly discovered evidence which could not have been discovered prior to the disposition of this matter in 2016. We further find that the report provides clear and convincing information which demonstrates good cause exists, pursuant to Rule 2 of the Hawaiʻi Rules of Appellate Procedure (HRAP), for this court to suspend the provisions of HRAP Rule 40(a) and to reconsider the merits of Respondent Woodruff's previous disbarment. Upon such consideration, we conclude that the report also demonstrates, by clear and convincing evidence, that the CNMI disciplinary proceedings contained infirmities, both of proof, and of due process, that, in turn, support the conclusion that this court cannot accord a presumption of correctness to the CNMI proceedings and support the conclusion that a departure from substantially similar discipline in this jurisdiction is therefore warranted. See Rules 2.15(c)(1), 2.15(c)(2), and 2.15(c)(4) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH). We also conclude that a review of the record nevertheless demonstrates that Respondent Woodruff did commit misconduct in both the CNMI and in his federal court practice, characterized by incompetence, delay, and a failure to reasonably communicate with clients which, if committed in this jurisdiction, would constitute violations of Rules 1.1, 1.3, 1.4(a), and 3.2 of the Hawaiʻi Rules of Professional Conduct

2

(1994) at the time they were committed, and which are sufficient to warrant a period of suspension. See ODC v. Martinez, SCAD-16-523 (September 29, 2016); ODC v. Lehman, SCAD-14-1350 (January 26, 2015); ODC v. Mutjabaa, SCAD-14-799 (June 24, 2014). Therefore, pursuant to this court's authority under HRS § 602-5(a)(6) (2016),

IT IS HEREBY ORDERED that the December 7, 2020 motion for reconsideration is granted.

IT IS FURTHER ORDERED that, pursuant to HRAP Rule 2, the original deadline for reconsideration of the October 11, 2016 order of disbarment, set by HRAP Rule 40(a), is suspended, and the discipline imposed by the October 11, 2016 order upon Respondent Woodruff is modified, to a one-year suspension, effective *nunc pro tunc* to November 10, 2016, the date his disbarment became effective. Respondent Woodruff is therefore presently eligible to apply for reinstatement to practice in this jurisdiction, pursuant to RSCH Rule 2.17(b)(2).

DATED: Honolulu, Hawaiʻi, February 22, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Katherine G. Leonard



3